IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMANGER LANDALE GILBERT, #316512, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:22-CV-36-RAH-CSC |
| JOSEPH H. HEADLEY, et al., | ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at Ventress Correctional Facility proceeding pro se and in forma pauperis, initiated this action on or around January 20, 2022 by filing a Complaint under 42 U.S.C. § 1983. Doc. 1. On or around March 8, 2022, Plaintiff filed a supplement to his Complaint, alleging additional facts and claims. Doc. 26. Upon review of the Complaint and supplement under 28 U.S.C. §§ 1915 and 1915A[1], the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

---

[1] Because Plaintiff is proceeding in forma pauperis, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding in forma pauperis if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

## I.      PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff alleges that each of the thirteen named defendants were deliberately indifferent to his constitutional rights when they violated unidentified "professional policies, procedures and regulations." Doc. 1 at 3. Plaintiff states that, at some point between July 10, 2015 and September 24, 2018, the Dothan City Police Department charged him with trafficking cocaine pursuant to a search warrant even though "he was not at the residence or within 500 feet of [the] residence" and "while he was at another individual's residence with more than five people." *Id.* at 2-3. He states that he then pled guilty to the charges because "he was threatened with life without the possibility of parole." *Id.* at 3. As relief, he seeks monetary damages.

In his supplement to the Complaint, Plaintiff alleges additional facts in support of his claims. There, he states that he was arrested and charged with trafficking cocaine, chemical endangerment of a child, and unlawful possession of marijuana on or around May 8, 2015. Doc. 26 at 12. Then, from May 8, 2015 to September 24, 2018, the state prosecutor and the presiding circuit court judge consolidated multiple cases against Plaintiff for purposes of trial "without setting a hearing and without affording [Plaintiff] the right to be heard." *Id.* Plaintiff also challenges numerous other aspects of his state court proceedings, including that his defense counsel advised him to accept a guilty plea; his guilty plea was not knowing and voluntary; and the circuit court lacked "exclusive original jurisdiction" to convict and sentence him. *Id.* at 14-24. As relief, in addition to monetary damages, he seeks "a ruling vacating his unlawfully obtained guilty pleas and a ruling to set aside his illegally obtained sentence." *Id.* at 24.

## II.    DISCUSSION

### A.    Statute of Limitations

First, in both the Complaint and supplement, Plaintiff asserts that the events giving rise to his § 1983 claims occurred on or before September 24, 2018. *See* Doc. 1 at 2 (stating that the alleged constitutional violations occurred "07-10-2015, 09-24-2018 and between"); Doc. 26 at 12, 16 (alleging additional facts in support of his Complaint, all of which occurred, at the latest, on September 24, 2018). However, any claims arising from events that occurred more than two years prior to the filing of this action are time-barred by the two-year limitations period that governs 42 U.S.C. § 1983 claims.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run. Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Here, Plaintiff's claims are based upon his 2015 arrest and subsequent court proceedings in the Circuit Court of Houston County in Dothan, Alabama. Plaintiff takes

issue with numerous aspects of his state criminal proceedings, including whether his initial arrest, ensuing court proceedings, guilty plea(s), and ultimate conviction and sentence were proper. By Plaintiff's own admission, the court proceedings with which he takes issue ended on September 24, 2018, his sentencing date. On or before that date, the facts which would support Plaintiff's causes of action were apparent or should have been apparent to Plaintiff. *See Salas v. Pierce*, 297 F. App'x 874, 877-878 (11th Cir. 2008) ("With regard to [plaintiff's] claims that the police arrested him without probable cause, the Assistant District Attorney failed to provide him with discovery documents, and the superior court judge failed to advise him of his appeal rights, the facts supporting these claims should have been apparent to [plaintiff] on or before the date he was sentenced."). However, Plaintiff did not file this action until January of 2022, nearly three and a half years later. Thus, it is clear from the face of the pleadings that his § 1983 claims are time-barred.[2]

## B.   The *Heck* Doctrine

Second, to the extent Plaintiff challenges the legality of his incarceration and claims an improper sentence, such claims are not proper in a § 1983 action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims challenging the legality of a

---

[2] *See Holt v. Baker*, 710 F. App'x 422 (11th Cir. 2017) (affirming § 1915A dismissal of prisoner complaint, alleging unlawful arrest and violations of his rights during subsequent criminal proceedings, as time-barred); *Rembert v. Florida*, 572 F. App'x 908 (11th Cir. 2014) (affirming § 1915(e)(2)(B)(ii) dismissal of pro se complaint, alleging unlawful confinement and various constitutional violations arising from his criminal proceedings, as time-barred); *Salas*, 297 F. App'x at 876-879 (affirming § 1915A and § 1915(e)(2)(B) dismissal of prisoner complaint, alleging unlawful arrest, conspiracy to coerce him into pleading guilty, and a failure to advise him of his rights, as time-barred); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (affirming § 1915(e)(2)(B)(i) dismissal of prisoner claims that were clearly barred by the two-year statute of limitations on the face of the complaint and plaintiff did not allege, nor did the record contain, a basis for tolling).

prisoner's incarceration are not cognizable in a § 1983 action "unless and until the conviction or sentence [or other basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must be dismissed. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [or other order of incarceration]." *Id.* at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed [are] not cognizable under § 1983").

Many, if not all, of Plaintiff's claims necessarily imply the invalidity of his conviction or sentence. Indeed, he specifically seeks "a ruling vacating his unlawfully obtained guilty pleas and a ruling to set aside his illegally obtained sentence." Doc. 26 at 24. However, the law is clear that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Accordingly, because these claims are not cognizable in a § 1983 action, they must be dismissed for failure to state a claim on which relief may be granted. *See Balisok*, 520 U.S. at 649 (emphasizing that "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed").

## III.   CONCLUSION

Because Plaintiff's claims are barred by the applicable two-year statute of limitations or are otherwise not cognizable in a § 1983 action, the undersigned finds that

any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process as time-barred and for failure to state a claim on which relief may be granted.

It is further ORDERED that by **May 9, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of April, 2022.


/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE