IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMANGER LANDALE GILBERT, # 316512, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:22-CV-36-RAH-CSC |
| JOSEPH H. HEADLEY, et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

On April 25, 2022, the Magistrate Judge entered a Recommendation (Doc. 31) to dismiss this case prior to service of process as time-barred and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

On May 6, 2022, Plaintiff Emanger Landale Gilbert filed an objection (Doc. 32), wherein he argues that the statute of limitations is not applicable because he did not receive the certificate of judgment from the Alabama Court of Criminal Appeals until 2021. As discussed in the Recommendation, the claims set forth in the Complaint and supplement should have become apparent to the Plaintiff on September 24, 2018, his sentencing date. The limitations period has expired.

More importantly, the Plaintiff's claims which seek damages for actions that resulted in his pending federal criminal charges and/or conviction are not actionable under § 1983 if the claims would necessarily require him to prove the invalidity of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). If the Plaintiff could

demonstrate that the challenged actions about which he complains resulted in him being wrongfully charged with criminal conduct and detained, such proof would necessarily invalidate his current confinement and any subsequent conviction. Any claim for damages the Plaintiff has under § 1983 would therefore be actionable, if at all, only when he demonstrates that the criminal proceedings ended in his favor, that his conviction has been overturned on appeal or in habeas corpus proceedings, or his confinement has been declared illegal by some other judicial avenue. *Heck*, 512 U.S. at 481–82. As previously discussed in the Recommendation, the Plaintiff's request for money damages is not cognizable in this proceeding based on the principle espoused in *Heck* which bars the Plaintiff from proceeding with his damages claim against the Defendants at this time.

Upon an independent review of the record and upon consideration of the Recommendation, it is hereby ORDERED as follows:

1. The Objection is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 31) is ADOPTED; and

3. The Complaint is DISMISSED without prejudice prior to service of process pursuant to §1915(e)(2)(B)(i) and (ii).

4. The Motion for Preliminary Injunction (Doc. 2) and Motion for Order and Preliminary Injunction (Doc. 23) are DENIED as moot.

A Final Judgment will be entered separately.

DONE, on this the 2nd day of June, 2022.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE